1  ALLEN MATKINS LECK GAMBLE
      MALLORY & NATSIS LLP
2  TIMOTHY M. HUTTER (BAR NO. 267949)
   DAVID E. ARON (BAR NO. 306419)
3  One America Plaza
   600 West Broadway, 27th Floor
4  San Diego, California 92101-0903
   Phone: (619) 233-1155
5  Fax: (619) 233-1158
   E-Mail: thutter@allenmatkins.com
6          daron@allenmatkins.com

7  Attorneys for Defendant
   SCHAWBEL TECHNOLOGIES, LLC,
8  a Massachusetts limited liability company

9

10             **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

11                            **NORTH COUNTY DIVISION**

12 | HEAT FACTORY USA, INC., a California corporation, | Case No. 37-2018-00002727-CU-BC-NC |

Judge Ronald F. Frazier
Department N-29

Plaintiff,

v.

Complaint Filed January 18, 2018

SCHAWBEL TECHNOLOGIES, LLC, a Massachusetts limited liability company; and DOES 1 through 50,

Defendants.

**ANSWER TO COMPLAINT FOR:**
1) **BREACH OF CONTRACT**
2) **FRAUD**
3) **NEGLIGENT MISREPRESENTATION**
4) **EXPRESS INDEMNITY**
5) **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**
6) **DECLARATORY RELIEF**

**IMAGED FILE**

TRIAL:   February 8, 2019

---

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

874350.01/SD                         ANSWER TO COMPLAINT                    Exhibit B, Page 667

Defendant Schawbel Technologies, LLC ("Schawbel"), for itself alone, hereby answers the Complaint of Heat Factory USA, Inc. ("Plaintiff"). Schawbel answers by admitting, denying and alleging as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d), Schawbel files this general denial to said Complaint, and answering each and all of the allegations of the Complaint, Schawbel denies, generally and specifically, each and every allegation thereof. Schawbel further denies, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any alleged act or omission on the part of Schawbel, or on the part of any of Schawbel's agents, servants or employees.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. That the Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Schawbel, and there do not exist facts sufficient to satisfy the elements of the claims alleged by the Complaint.

## SECOND AFFIRMATIVE DEFENSE

### (No Cause in Fact or Proximate Cause)

2. No act or omission of Schawbel alleged in the Complaint was the cause in fact or proximate cause of Plaintiff's damages, if any.

## THIRD AFFIRMATIVE DEFENSE

### (Performance and Discharge)

3. Schawbel has performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint, except those matters as to which performance has been excused.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

874350.01/SD
9435008v1

-2-
ANSWER TO COMPLAINT

Exhibit B, Page 668

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

4. Plaintiff failed to exercise reasonable care and diligence to avoid loss and minimize or mitigate the alleged damages, if any, that the Plaintiff claims to have suffered. The Plaintiff's alleged damages are therefore barred, in whole or in part, because Plaintiff has failed to mitigate its damages, if any, as required by law.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Plead with Particularity)

5. Plaintiff's claims for fraud and negligent misrepresentation should be dismissed for failure to plead the alleged fraud or misrepresentation with the requisite particularity.

## SIXTH AFFIRMATIVE DEFENSE

### (Acquiescence)

6. The Plaintiff, by its conduct and/or the conduct of its agents, has acquiesced to the conduct of Schawbel, and is therefore barred from maintaining this action.

## SEVENTH AFFIRMATIVE DEFENSE

### (Consent)

7. The Plaintiff consented to and approved all of the acts and omissions about which the Plaintiff now complains. Accordingly, the Plaintiff is barred from pursuing this action.

## EIGHTH AFFIRMATIVE DEFENSE

### (Justification)

8. The conduct of Schawbel in regard to the matters alleged in the Complaint was justified, and by reason of the foregoing, the Plaintiff is barred from any recovery thereon.

## NINTH AFFIRMATIVE DEFENSE

### (Actions in Good Faith)

9. Schawbel acted in good faith in any and all interactions with the Plaintiff and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any rights of the Plaintiff or any obligation owed to the Plaintiff.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

874350.01/SD
0435008v1

-3-
ANSWER TO COMPLAINT

Exhibit B, Page 669

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

10. Plaintiff engaged in careless, negligent, and other wrongful conduct, and should therefore be barred from recovering any relief against Schawbel by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

11. Each and every claim for relief and allegation set forth in the Complaint is barred by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

### (Estoppel)

12. Plaintiff is estopped from asserting the claims described in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Breach)

13. Plaintiff is barred from any recovery against Schawbel due to Plaintiff's own material breaches and failure to perform its obligations.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Third Parties)

14. Without admitting that Plaintiff suffered any losses or damages, the damages sought by the Complaint were caused, in whole or in part, by third parties, and not by Schawbel.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver, Excuse, and Release)

15. Any purported obligation alleged in the Complaint which Schawbel may have owed to Plaintiff has been excused, released, or waived.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Offset)

16. Each and every allegation and claim for relief set forth in the Complaint must be offset by amounts owed by, or claims against, Plaintiff.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

874350.01/SD
9435008v1

-4-
ANSWER TO COMPLAINT

Exhibit B, Page 670

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Damages Speculative and Indeterminable)

17. Without admitting that Plaintiff was in any way damaged, the damages, if any, of Plaintiff are speculative, uncertain, and not capable of determination by any finder of fact.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Affirmative Defenses)

18. Schawbel alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Schawbel reserves the right to assert additional affirmative defenses in the event discovery or an investigation indicates that it would be appropriate.

WHEREFORE, Schawbel prays for an award as follows:

1. That Plaintiff take nothing by reason of its Complaint;
2. That an award be entered in favor of Schawbel and against Plaintiff and that the Complaint be dismissed with prejudice in its entirety;
3. That Schawbel be awarded costs of suit herein; and
4. For such other and further relief as the Court may deem just and proper.

Dated: August 20, 2018

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: _____
TIMOTHY M. HUTTER
DAVID E. ARON
Attorneys for Defendant
SCHAWBEL TECHNOLOGIES, LLC,
a Massachusetts limited liability company

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

874350.01/SD
9435008v1

-5-
ANSWER TO COMPLAINT

Exhibit B, Page 671