UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Heat Factory USA, Inc. a California corporation,<br><br>                                   Plaintiff,<br><br>v.<br><br>Schawbel Technologies, LLC a Massachusetts limited liability company; Does 1 through 50,<br><br>                                   Defendant. | Case No.:  18-cv-01941-WQH-BGS<br><br>**NOTICE AND ORDER FOR EARLY NEUTRAL EVALUATION CONFERENCE**<br>**IN PATENT CASES** |
| Schawbel Technologies, LLC  a Massachusetts limited liability company,<br><br>                                   Cross Claimant,<br><br>v.<br><br>Heat Factory USA, Inc. a California corporation<br><br>                                   Cross Defendant. | |

    IT IS HEREBY ORDERED that an Early Neutral Evaluation of your case will be held on **December 12, 2018**, at **1:30 PM** before United States Magistrate Judge Bernard

G. Skomal, United States District Court, 333 W. Broadway, Suite 1280, San Diego, California.

**The following are <u>mandatory</u> guidelines for the parties preparing for the Early Neutral Evaluation Conference.**

1. **<u>Purpose of Conference:</u>**  The purpose of the Early Neutral Evaluation Conference ("ENE") is to hold a serious discussion of every aspect of the lawsuit in an effort to achieve early resolution of the case.  All conference discussions will be off the record, privileged and confidential.  Counsel for any non-English speaking parties is responsible for arranging for the appearance of an interpreter at the conference.

2. **<u>Personal Appearance of Parties Is Required:</u>**  All parties, adjusters for insured defendants, and client representatives must be present and have full and complete authority to enter into a binding settlement at the ENE.[1]  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.  Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the ENE conference (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.  Other parties seeking permission to be excused from attending the ENE in person must follow the procedures outlined in Judge Skomal's Chambers' Rules.  (*See* Judge Skomal's Chambers' Rules at p. 3, section C.)  Failure of any of the above parties to appear at the ENE conference without the Court's permission

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  *Pitman v. Brinker Intl., Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  The person must be able to bind the party without the need to call others not present at the conference for authority or approval. The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference.  *Id.* at 486.  A limited or a sum certain of authority is not adequate.  *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

will be grounds for sanctions.  The principal attorneys responsible for the litigation must also be present in person and prepared to discuss all of the **legal and factual** issues in the case.

      3.    **Confidential ENE Statements Required:**  No later than **November 21, 2018**, the parties must submit confidential statements of seven pages or less directly to Judge Skomal.  Please also attach relevant exhibits. The statement must address the legal and factual issues in the case and should focus on issues most pertinent to settling the matter.  The statement should not repeat facts or law contained in the Complaint or Answer.  Statements do not need to be filed or served on opposing counsel.  The statement must also include any prior settlement offer or demand, as well as the offer or demand the party will make at the ENE.  The Court will keep this information confidential unless the party authorizes the Court to share the information with opposing counsel.

      **ENE statements must be emailed to efile_Skomal@casd.uscourts.gov.**

      4.    **New Parties Must Be Notified by Plaintiff's Counsel:**  Plaintiff's counsel shall give notice of the ENE to parties responding to the complaint after the date of this notice.

      5.    **Case Management Under the Amended Federal Rules and Local Patent Rules:**  The parties can expect to leave the ENE with Rule 26 compliance dates and deadlines and a Case Management Order including a Claim Construction briefing schedule and hearing date. **Parties shall therefore meet and confer pursuant to Fed. R. Civ. P. 26(f) no later than 21 days before the ENE regarding the following:**

    a.    Any anticipated objections under Federal Rule of Civil Procedure 26(a)(1)(E) to the initial disclosure provisions of Federal Rule of Civil Procedure 26(a)(1)(A-D) and the date of initial disclosures;

    b.    Whether the parties will request the preservation and production of Electronically Stored Information ("ESI") and, if so:

        i.    the nature, location, and scope of discoverable ESI;

        ii.    the agreed form of production;

        iii.    the agreed search methodology;

        iv.    whether any proportionality issues exist and whether the parties have identified issues with respect to inaccessible ESI;

    c.    Any proposed modification of the deadlines provided for in the Patent Local Rules, and the effect of any such modification on the date and time of the Claim Construction Hearing, if any;

    d.    The need for and specific limitations on discovery relating to claim construction, including depositions of percipient and expert witnesses; and any proposed modifications to the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule;

    e.    The need, if any, to phase damage discovery.

    6.    **<u>Joint Discovery Plan</u>**:  The parties must include their positions with respect to the meet-and-confer issues listed above, <u>**AND** *propose actual dates* for ALL of the following deadlines</u> in a **Joint Discovery Plan:**

- deadline for disclosure of asserted claims and preliminary infringement contentions;
- deadline for preliminary invalidity contentions;
- deadline for exchange of proposed claim constructions and extrinsic evidence;
- deadline for joint claim construction chart, worksheet and hearing statement;
- deadline for completion of claim construction discovery;
- proposed briefing schedule for filing of claim construction briefs
- proposed date and time of the Claim Construction Hearing, if any;
- whether the court will hear live testimony at the Claim Construction Hearing;
- the need for and specific limitations on discovery relating to claim construction, including depositions of percipient and expert witnesses;
- deadlines for expert witness designation and supplementation;
- deadlines for expert witness report submissions and supplementation
- deadlines for completions of fact and expert discovery;
- deadline for filing pretrial motions; and
- proposed final Pretrial Conference date.

The **Joint Discovery Plan shall be submitted via email to Judge Skomal's chambers as well as filed on the CM/ECF system, no later than November 21, 2018** The Court will issue an order following the ENE addressing these issues and setting dates as appropriate.

      7.    **Requests to Continue an ENE Conference:**  Local Patent Rule 2.1.a requires that an ENE take place within 60 days of the filing of the first answer.  Requests to continue ENEs are rarely granted.  The Court will, however, consider formal motions to continue an ENE when extraordinary circumstances exist and the other party has no objection.  If another party objects to the continuance, counsel for both parties must call chambers and discuss the matter with the research attorney/law clerk assigned to the case before any motion may be filed.  **Any request for a continuance must be made as soon as counsel is aware of the circumstances that warrant rescheduling the conference. Requests to continue the ENE based on preexisting scheduling conflicts must be raised within 10 days of the Court's issuance of this Order.**

      8.    **Settlement Prior to ENE Conference:**  The Court encourages the parties to work on settling the matter in advance of the ENE Conference.  In the event that the parties resolve the matter prior to the day of the conference, the following procedures must be followed before the Court will vacate the ENE and excuse the parties from appearing:

      A.    The parties may file a Joint Motion to Dismiss and submit a proposed order to the assigned district judge.  If a Joint Motion to Dismiss is filed, the Court will immediately vacate the ENE;

      B.    If the parties settle more than 24 hours before the conference but are not able to file a Joint Motion to Dismiss, they must file a Notice of Settlement containing the electronic signatures of counsel for all settling parties and must also identify a date by which the Joint Motion to Dismiss will be filed;

      C.    If the parties settle less than 24 hours before the conference, counsel for the settling parties must JOINTLY call chambers and inform the Court of the settlement and receive Court permission to not appear at the ENE.

Questions regarding this case or the mandatory guidelines set forth herein may be directed to Skomal's research attorney at (619) 557-2993.

A Notice of Right to Consent to Trial Before a United States Magistrate Judge is attached for your information.

**IT IS SO ORDERED.**

Dated:  September 7, 2018

_____
Hon. Bernard G. Skomal
United States Magistrate Judge

# **NOTICE OF RIGHT TO CONSENT TO TRIAL**
# **BEFORE A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. § 636(c), you are notified that a U.S. Magistrate Judge of this district may, upon the consent of all parties, on form 1A available in the Clerk's office, conduct any or all proceedings, including a jury or non-jury trial, and order the entry of a final judgment.  Counsel for the plaintiff is responsible to obtain the consent of all parties, if they want to consent.

Be aware that your decision to consent or not to consent is entirely voluntary. Only if all parties consent will the Judge or Magistrate Judge to whom the case has been assigned be informed of your decision.

Judgments of the U.S. Magistrate Judges are appealable to the U.S. Court of Appeals in accordance with this statute and the Federal Rules of Appellate Procedure.