UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| HEAT FACTORY USA, INC., a California corporation, | Case No. 18-cv-1941-WQH-MSB |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| SCHAWBEL TECHNOLOGIES, LLC, a Massachusetts limited liability company, | |
| Defendant. | |
| SCHAWBEL TECHNOLOGIES LLC, a Massachusetts limited liability company, | |
| Counter-Claimant, | |
| v. | |
| HEAT FACTORY USA, INC., a California corporation, | |
| Counter-Defendant. | |

HAYES, Judge:

On April 23, 2019, the Court ordered the parties to submit supplemental briefing regarding what, if any, bond Schawbel Technologies LLC shall be required

to obtain in connection with this Court's April 23, 2019 preliminary injunction (ECF No. 24).

## I. Contentions

Heat Factory contends that as a result of the prospective injunction issued by the Court, Heat Factory "will suffer substantial losses in terms of unrecoverable fixed costs, canceled orders, lost future sales, damaged relationships with customers and in the industry, and other losses." (ECF No. 28 at 3). Heat Factory asserts that a bond exceeding $1,000,000 is necessary to protect it from losses it will have incurred if wrongfully enjoined. *Id.*

Schawbel contends that the Court should waive the bond requirement or require Schawbel to post a bond in an amount not more than $25,000. (ECF No. 29). Schawbel asserts that it cannot afford to obtain a bond for an amount more than $25,000 because it is in "extremely weak financial position" due to Heat Factory's failure to pay the amounts it is owed under the APA and the License Agreement. *Id.* at 2.

## II. Legal Standard

Federal Rule of Civil Procedure 65(c) "invests the district court 'with discretion as to the amount of security required, *if any*.'" *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (emphasis in original) (quoting *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999)). "The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.*

When setting the bond amount, the court may consider whether the amount requested by the non-movant would be prohibitively expensive for the movant. *See GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1211 (9th Cir. 2000) ("Were we to grant [non-movant's] request, we would risk denying [movant] access to judicial review since the preliminary injunction would not take effect until [movant] posted the bond. We decline to do so.").

### III. Ruling of the Court

The injuries Heat Factory asserts it will incur as a result of the prospective injunction issued in this matter arise from Heat Factory's inability to continue to manufacture products under the License Agreement. The Court has found that Schawbel is likely to prevail on its claim that the License Agreement was terminated in 2018. (ECF No. 24 at 10). Under these facts, the Court finds that a nominal bond of $25,000 is appropriate. Schawbel shall file proof that it has obtained a bond in the amount of $25,000 within ten days of the entry of this Order.

Dated: May 9, 2019

Hon. William Q. Hayes
United States District Court